# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40973
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2013

Lyle W. Cayce
Clerk

GREGORY PAUL MCPHERSON,

Plaintiff-Appellant,

versus

WARDEN O. PEREZ; CAPTAIN A. GARCIA; J. GUERRA, Grievance Officer,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:12-CV-141

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gregory McPherson, Texas prisoner # 1437871, moves for leave to proceed

*in forma pauperis* ("IFP") in his appeal of the dismissal of his 42 U.S.C. § 1983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

civil rights lawsuit.  By moving for IFP status, McPherson is challenging the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

McPherson's brief contends only in general terms that his claims are not frivolous. He does not address, however, the certification that his appeal was not taken in good faith or any of the district court's reasons, *see Baugh*, 117 F.3d at 202, so his challenge to the certification is deemed abandoned, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Thus, McPherson has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation and citation omitted).

The motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal by the district court and the dismissal of the appeal both count as strikes pursuant to 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Thus, McPherson is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).